### P. LASHLEY *v.* ALEX. LACKEY'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 4—896, as Lasley v. Lackey's Admr.]

**Authority of an Attorney.**

An attorney employed to sue for and collect a claim of his client is not thereby constituted as an attorney in fact to aid such prices as he might deem best and prudent at a judicial sale of land, to satisfy judgments recovered by his client through him as an attorney at law.

**Estoppel.**

Where plaintiff's attorney bids in real estate at a sale to satisfy a judgment taken for his client, without being authorized so to do, and the client upon being notified of such sale disapproved of it, but waited three years before instituting suit to set it aside, in the meantime collecting his judgment in excess of the attorney's aid, these facts will not estop him from maintaining such suit.

**Elements Constituting an Estoppel.**

To estop one there must exist some intended deception or fraud in the conduct of the party to be estopped, or such gross negligence on his part as amounts to constructive fraud by which the complaining party has been misled to his injury when he had no knowledge or available means of acquiring knowledge of the true state of facts.

APPEAL FROM PIKE CIRCUIT COURT.

April 26, 1883.

OPINION BY JUDGE HARGIS:

The attorney, Auxier, was employed in the usual course as an attorney to sue for and collect the demands which the appellee placed in his hands. This general employment as an attorney at law did not constitute Auxier an attorney in fact to bid such prices as he might deem best and prudent, at executive sales of land to satisfy judgments which his client had recovered, through him as an attorney at law, on such demands. When notified of the action of his attorney the appellee disapproved of it, but waited three years before instituting suit to set aside the sale, and in the meantime collected the remainder of his executions after his attorney's bid had been subtracted therefrom by the officer making the return.

It is contended that these facts estop the appellee from the right to have the sale set aside. Generally there must exist some intended deception or fraud in the declarations or conduct of the party to be estopped, or such gross negligence on his part as amounts to constructive fraud by which the party complaining of such conduct has been misled to his injury, when he had no knowledge or convenient or available means of acquiring knowledge of the true state of facts by which he declares he has been misled.

Here no deception was practiced on the appellant by the appellee at the sale, either by act or declaration, for he was not present, nor has the delay misled the appellant to his injury. The land is worth more now than when it was sold and the increased value must go to appellant's benefit. If the lands are deficient in quantity to the extent of several hundred acres less than is apparently covered by appellant's patents, which he delivered to the sheriff on the day of sale, and at the same time represented to appellee's attorney the lands to be more than worth the debts of appellee, then the appellant was not the party who was misled or injured, but rather the appellee's attorney. The doctrine of estoppel as we understand it does not apply to the facts of this case, nor can it be carried so far as to destroy or take the place of the statute of limitations, which is not pleaded, and even if it were, would not bar this action which simply has been delayed for a period of three years, without misleading the appellant who

has not lost anything nor altered his condition by reason thereof in the interim.

Judgment *affirmed*.

*W. C. Ireland, for appellant.*

*Alex. Lackey, for appellee.*